W. H MAINS, Executor, Appellee, v. CHARLES E. BARNHOUSE et al., Appellants.

No. 40137.

FEBRUARY 18, 1930.

964

*A. M. Fagan*, for appellants.

*Carl P. Knox* and *E. W. Weeks*, for appellee.

DE GRAFF, J.—The plaintiff-appellee, W. H. Mains, is the duly qualified and acting executor under the will of Sarah E. Mains, deceased. The instant petition alleges that, on January 30, 1925, the appellants, Charles E. and Emma E. Barnhouse, husband and wife, executed a joint and several note to the Abram Rutt National Bank of Casey, in the amount of $6,400, with annual interest at 8 per cent, and that the makers of the note, on the date of its execution, and to secure payment thereof, executed to the payee thereof a mortgage on certain Guthrie County real estate, which mortgage was duly recorded. It is further alleged that on October 5, 1926, the said bank, for a valuable consideration, by written assignment transferred this note and mortgage to Sarah E. Mains, who caused said assignment to be duly recorded. It is further alleged that, on October 5, 1926, the defendants made, executed, and delivered to Sarah E. Mains their promissory note for $4,000, and that, on October 15, 1926, the defendants made, executed, and delivered to the said national bank their promissory note for $1,500, which note was signed by Sarah E. Mains, as surety; that, on or about October 25, 1927, the defendants made, executed, and delivered to Sarah E. Mains their promissory note for $1,000, and that the money received for said $1,000 note was by the defendants paid to and applied on the $1,500 note held by the Abram Rutt National Bank of Casey. It is further alleged that there was a balance due on the $1,500 note held by the said national bank in the sum of $693.85, with interest, which sum the executor was authorized, by order of the probate court of Guthrie County, to pay, and did pay. Plaintiff further avers that the defendants' promissory note of $6,400 and the mortgage given to secure same were assigned to Sarah E. Mains for the purpose of securing the $4,000 note and the $1,000 note and the sum of $693.85, with interest, and that there is now due the executor herein, and secured by the real estate mortgage, the sum of $4,000, with 4 per cent interest from October 5, 1926, to October 5, 1928, with 8 per cent interest after that date, and the further sum of $1,000, with 5 per cent interest from October 25, 1927, to October 25,

1928, and the further sum of $693.85, with 8 per cent interest from April 1, 1928.

By an amendment to said petition it is alleged that Sarah E. Mains, during her lifetime, and on or about the 5th day of October, 1926, at the request of and with the knowledge and consent and in the presence of the said defendants, furnished the sum of $5,500, to take up the note of $6,400 due the Abram Rutt National Bank of Casey, which said $6,400 note was secured by a mortgage upon the real estate in question, and that $4,000 of said $5,500 was furnished by Sarah E. Mains in cash, and that $1,500 of said sum was furnished by said Sarah E. Mains by signing a note for $1,500, payable to the said national bank; and that, on or about October 25, 1927, Sarah E. Mains paid on said $1,500 note, with the knowledge and consent of these defendants, the sum of $1,000; and that since said time the executor of the estate of Sarah E. Mains, deceased, has paid the balance of the said $1,500 note out of funds belonging to the estate of the deceased. It is further pleaded that, as a result of these various transactions and payments, the plaintiff herein is now entitled to subrogation to all the rights and securities that the said national bank had in and to the real estate mortgage given by these defendants to secure the original indebtedness, as evidenced by the $6,400 note and mortgage.

It is further alleged in the original petition that, under the terms of the last will of Sarah E. Mains, there was to be paid to the defendant Emma E. Barnhouse the sum of $1,000, and also the sum of $1,000 to Charles and Emma Barnhouse for caring for the decedent during her last sickness, which said sum of $2,000 should be credited upon the amount due the estate from the defendants on the note and mortgage sued on herein.

The prayer of the petition demands judgment against the defendants for the sum of $5,693.85, with interest, less the special bequest due the defendants, and for costs, and that the said judgment be decreed to be a lien upon the real estate in question, and that the lien of the defendants and each of them be declared junior and inferior to the lien of this mortgage, saving to them the right of redemption, and that special execution issue for the sale of the mortgaged premises, or so much thereof as may be necessary to satisfy the judgment, with interest, attorney's fees, and costs.

The defendants made answer, admitting certain allegations of the plaintiff's petition relating to the execution of the instruments recited in said petition, but allege that the note of $6,400 given to the Abram Rutt National Bank was fully paid to said bank on October 5, 1925, and if any assignment of said note and mortgage securing the same was made, it was null and void, in that the note secured by said mortgage is fully paid to the said national bank; that the note of $1,500 had been fully paid to the said national bank prior to the death of Sarah E. Mains: but the defendants admit that the plaintiff is entitled to judgment on the $4,000 note and the $1,000 note. The defendants pray that the claim of the plaintiff be denied, except as to judgment on the $4,000 and $1,000 notes, and ask the cancellation of the note of $6,400 and the note of $1,500, and that the mortgage of $6,400 be ordered released of record by the clerk of the district court.

By way of reply, the plaintiff denies each and every allegation contained in said answer, and denies that the note of $6,400 given to the said national bank was ever paid by the defendants, but alleges the fact to be that the said amount due said bank was paid by Sarah E. Mains, and an assignment of said note and mortgage was duly made, executed, and delivered to Sarah E. Mains; that the defendants herein are estopped from denying their liability to this plaintiff, by reason of the fact that the defendant stated to this plaintiff that the $1,000 note and the $4,000 note in question represented the amount due on the $6,400 note in addition to the balance that was due the said national bank on the $1,500 note which Sarah E. Mains signed as surety; and that plaintiff relied upon the statements of defendants, and filed an application in the probate court of Guthrie County, in connection with the estate of Sarah E. Mains, deceased, on or about November 15, 1928, asking for authority to take from the funds belonging to said estate and pay the balance of the $1,500 note as a part of the indebtedness secured by the mortgage sued on herein; and that this plaintiff was, by order of said probate court, authorized to pay the balance of said note, which this plaintiff did pay to the said national bank on or about November 23, 1928, in the sum of $609.50, and with the knowledge and consent of these defendants, and with the understanding and agreement that if, from an investigation, the executor was satisfied

that the only amount due on the $6,400 note was the amount represented by the $4,000 and the $1,000 note and the balance due on the $1,500 note, then this balance ($609.50) should be so paid by the executor.

Was the trial court correct in finding that there is due the plaintiff, as executor, the $4,000 note, with interest, the note for $1,000, with interest, and the unpaid balance of the $1,500 note in the sum of $609.50, with interest, or an aggregate amount due the plaintiff of $6,480, subject to a credit to the defendants in the sum of $2,000, being the bequest made by Sarah E. Mains in her will to the defendants? The trial court entered judgment and decree in the sum of $4,480, with 8 per cent interest from the date of judgment, together with attorney's fees, provided for in said mortgage. We find no basis for legal criticism as to the findings made and entered by the trial court, or any basis for reversible error as to the decree entered. There can be no question, under this record, that, on October 5, 1926, the defendants and Sarah E. Mains went to the Abram Rutt National Bank, which the defendants were owing $6,400 on their note, and that on said date there were paid on said note the following items: A check by Charles E. Barnhouse, $405.13, cash by Barnhouse, $500, cash by Mrs. Mains, $4,000, new note to bank, on which Sarah E. Mains was surety, $1,500, by stock certificate, Casey National Loan Association, $790,—or a total of $7,195.13. There can be no question that, on the date on which the foregoing transaction took place, Mrs. Mains (in the presence and hearing of the said defendants) requested the president of the bank to assign to her, as security for her liability on the $1,500 note, and by her payment of $4,000 of the mortgage indebtedness, all papers held by the bank executed by the defendants. The bank did make the assignment, and turned over to her all the papers and instruments held by the bank in relation to the indebtedness owed by the defendants. The executor in this case asked that he be subrogated to the rights of the bank in the securities held by the bank at the time of the foregoing transaction. Clearly, the executor is entitled to be subrogated. It was a conventional subrogation, which arises by virtue of an agreement, express or implied, that a third person, or one having no previous interest in the matter, shall, by the discharging of an obligation or paying a debt, be subrogated in the place of the creditor, in respect

to such rights, remedies, or securities as the creditor may have against the debtor. *Kent v. Bailey*, 181 Iowa 489, with cases cited. We construe the record facts that an implied agreement existed that the bank should make such assignment of securities as it held at the time in question for the benefit of Sarah E. Mains. These defendants were present when the $4,000 was paid to the bank by Mrs. Mains, and when the bank gave her the $6,400 note, and when she signed the $1,500 note as security for the defendants, and when she asked the bank, for her protection, for the assignment of the securities held by the bank. If we consider that the record is not so clear that an express agreement was made that Mrs. Mains should have an assignment, the facts justify a finding that an implied agreement did exist. Subrogation necessarily results. Furthermore, the executor paid the balance of the $1,500 note under authority of the court and by virtue of her suretyship. This would entitle the plaintiff to legal subrogation, as distinguished from conventional subrogation. It always arises when one, as surety, pays the debt of the principal. See *Baker v. American Sur. Co.*, 181 Iowa 634.

In the light of the facts, the trial court was clearly correct in its finding and decree entered.

The appellee has filed a motion to dismiss this appeal, but we have preferred to make answer on the merits of the case.

The decree entered is—*Affirmed.*

MORLING, C. J., and STEVENS, ALBERT, and WAGNER, JJ., concur.